United States District Court
For The District of Maryland

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 MAR -9 P 3: 23

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

Midland Funding LLC
        Petitioner,

V.S.    Case # Pending
        Case # CV5-45441-2010

DKC 11 CV 0636

United States of America
and Henry T. Sorden
        Respondents.

_____

Memorandum in Support of Affidavit
In Support of Motion for leave to file Notice of
Removal, Motion for Judgment, Motion to
Dismiss, Motion for Summary Judgment,
Notice of Taking Deposition, Interrogatories
to Parties, Requests, Motion for Evidentiary
Hearing, Subpoena, Judgment duited to
District Court of Prince George's County, Petitioner
collected addresses to United States District Court
For The District of Maryland Jury in forma of pauperis

Introduction

        I certify under the penalty of perjury that the information
noted on the Respondents duplicate District Court of Prince George's County Judgment
unit is true & correct on this 9TH day of March 2011, based on the laws, statutes,
rules, evidence and case.

Motion for leave to file

Dear District Court Jury,

2

Please be advised the clerk's office refused to file a copy of the Respondents lodged papers with the clerk's office until the court rule on the Respondents attached paupers motion as a leave to file is appropriate in this matter so the court can order the clerk to file a copy of the Respondents lodged papers with the clerk's office because a leave to file motion can be filed with any establishment within or upon the jurisdiction of the United States Law the First Amendment as the Fourteen Amendment as Fifth Amendment.

<u>Respondents Relief Sought</u>

The clerk is compelled to file a copy of the Respondents lodged papers with the clerk's office on 9 March 2011. See, Article 3 Of The United States Constitution; Rule 105 of this court.

<u>Notice of Removal</u>

Dear District Court Jury,

Please be advised on or about 9 December 2010, the Petitioner filed a lawsuit against the Respondents with the state court so the Respondents oppose the Petitioner lawsuit as filed a timely Requests for Trial by Jury, Attestation, counterchaim as crossclaim, subpoenas as attachments with the state court as the state court decision date 14 February 2011, establish the state court served a copy of the Respondents subpoena unit, counterclaim as crossclaim as attachments upon the Petitioner because the Respondents unspecified damages is over $15,000 as Election 10-23 Adoption of Constitutional Amendment SB-118-2010 doesn't apply in this situation because the Respondents money damages is over $15,000 as Maryland Rule 3-325, Title 28, Section 1607 as Title 28, Section 1605 authorize the state court clerk to transmit the records to the Circuit Court of Prince Georges' County clerk's office within 15 days of filing the Respondents Requests for Trial by Jury with the clerk in lieu of the clerk alleging on the docket log the Jury trial

3

demand entered in our case is not $15,000 or more. Furthermore, the state court docket log further establish the Petitioners Affidavit of Return of Service is false, so the Petitioner failed to comply with the state court subpoena writ or rules, so the Petitioner is guilty of contempt or perjury before the state court so the 14, 7, 6, 5 and 1 Amendment guarantee the Respondents a jury trial before the state court so when the state court clerk refused to comply with Maryland Rule 3-325(c) without any sufficient reasons noted in the court docket log. Any prudent individual would assume the state court is denying the Respondents his constitutional right to trial by jury, equal protection and due process and Title 28, Section 1443, Title 28, Section 1441 and Title 28, Section 1331 authorize the Respondents to removed the state court actions to the United States District Court For The District of Maryland (Greenbelt) Jury LAW the First Amendment under the Fourteen Amendment & Say Fifth Amendment.

Second, the state court records further establish the Respondents provide the Petitioners and state court clerks office a timely notice of a address and telephone number change for the consideration so the Petitioner refuse to serve a copy of the state court summons and complaint upon the Respondents new address and Title 28, Section 1448 and F.R.C.P. 41(b) authorize the Respondents to move for a Motion to Dismiss writ so authorize the court to dismiss for failure to prosecute, comply with the rules and subpoena writ. Furthermore, Title 28, Section 1446 clearly establish the parties papers is subject to F.R.C.P. 11 and F.R.C.P. 11 authorize the Petitioner to prove to the jury based on the preponderance of the evidence test Title 28, Section 1607, Title 28, Section 1605, Title 28, Section 1443, Title 28, Section 1444, Title 28, Section 1331, Title 42 Section 1983 and Article 3 of the United States Constitution doesn't authorize the Respondents to remove the state court actions to the United States District Court For The District of Maryland Jury prior to 10 March 2011 or the Respondents notice of removal is summarily affirmed so when the Petitioner failed to comply with the court rules and subpoena writ. Title 28, Section 1607 and Title 28, Section 1605 clearly establish the

Petitioner waiver the Petitioner immunity before the jury as is subject to the jury to the jury decision as as further as the Respondents is concerned.

The jury failed to establish the Petitioner opposing points as authorities paper as evident establish the court as jury can determine based on the state court records the District Court of Prince George's County complies with MR3-325 (c) 001-201, Fourteen, seventh, sixth, Fifth as First Amendment, Maryland Declaration of Rights as Maryland Rule 3-612 or establish the Petitioner opposing points as authorities paper as evident establish the court as jury can determine based on the state court records to this court that the Petitioner isn't entitled to notice of removal unit when the claims, statutes or rules or establish the Petitioner opposing points as authorities paper as evident establish the court as jury can determine based on the state court records to this court that the Respondents notice of removal is untimely filed with the clerk's office or establish the Petitioner opposing points as authorities paper establish the court as jury can determine based on the state court records to this court the Respondents notice of removal failed to comply with Title 28, Section 1443, Title 28, Section 1446, Title 28, Section 1441, Title 28, Section 1607, Title 28 Section 1605, Article 3 of the United States Constitution as F.R.C.P. 11 or establish the Petitioner opposing points as authorities paper as evident establish the court as jury can determine based on the state court records to this court that the parties didn't stipulate, consent as agree for the jury to grant the Respondents notice of removal, relief sought as entire notice of removal decision in favor of the Respondents in whole. On 9 March 2011, pursuant to the Rules of Evidence as the jury granted the Respondents Petition for Removal. See Title 28, Section 1746, Title 28, Section 1607, Title 28 Section 1605, Title 28, Section 1331, Title 18 Section 1623 (cc); Title 18 Section 1621.

<u>Respondents Relief Sought</u>                                    5

       The District Court of Prince Georges County case number
CV5-45441-2010 removed to the United States District Court For
The District of Maryland (Greenbelt) Jury suit number 100 on 10
March 2011. See Article 3 of The United States Constitution; Title 28,
Section 1446.

<u>Motion for Judgment Alternative,</u>
<u>Motion to Dismiss, Motion for</u>
<u>Summary Judgment</u>

Dear District Court Jury,

       Please be advised the Respondents affidavit
certify MR3-612 authorize the District Court of Prince Georges
County to enter judgment unit in favor of the Respondents based
on the stipulation, consent and agree of the parties as the
information noted on the Respondents duplicate District Court of
Prince Georges County Judgment unit is true and correct based on
the laws, statutes, rules, and in the case and Title 28, Section
1449 authorize the state court clerk to place the records and
judgment unit in the parties and this court possession on 10
March 2011, and as further as the Respondents is concerned. The
Respondents is entitled to judgment unit under Title 28, Section
1449 and MR3-612 on 10 March 2011, TRU the First Amendment
under the Fourteen Amendment. See Fifth Amendment.

       Second, Article 4 of The United States Constitution
and Title 28, Section 1450 clearly establish the state court records
remain in full force and effect until dissolved or modified by
this court and thereupon F.R.C.P. 41(b) authorize the Respondents to seek
Motion to Dismiss unit because the state court records clearly establish
the Petitioner failed to prosecute or comply with 45, 36, 35, 34 and 33
and LR105 of this court and subpoena unit and Article 3 of The United States

constitution of F.R.C.P. 41(b) clearly establish the Respondents is entitled to judgment unit from the state court under MR 3-612 and title 28, Section 1449 on 10 March 2011, IAW the First Amendment under the Fourteen Amendment. See, Fifth Amendment.

Third, LR 105 of this court authorize the Respondents to move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party as in a jury trial at the close of all the evidence as LR 105 of this court authorize the court as jury to enter judgment on counterclaim as cross-claim as authorize the court as jury to consider all evidence as inferences in the light most favorable to the Respondents because the Respondents filed the motion first with the clerks office as authorize the court to submit the case to the jury for consideration as reserve the court decision on the motion until after the verdict or discharge of the jury as as further as the Respondents is concerned. The Petitioners response paper as evident will summarily affirmed or disaffirmed the Respondents duplicit District Court of Prince George's County judgment unit to the court as jury based on the evident in light of the Rules of Evidence, IAW the First Amendment under the Fourteen Amendment. See, Fifth Amendment.

Fourth, the state court docket log further establish the case was filed with the state court clerks office on 9 December 2010, as F.R.C.P. 56 authorize the Respondents to seek a Motion for Summary Judgment unit from this court as jury to recover the Respondents judgment unit from the District Court of Prince George's County as to summarily affirmed or disaffirmed the Respondents duplicit District Court of Prince George's County judgment unit based on the evident and as further as the Respondents as appellate court is concerned. This court as jury can't establish the Respondents isn't entitled to judgment unit as a matter of law based on the preponderance of the evidence pursuant to the Rules of Evidence IAW the First Amendment under the Fourteen Amendment. See, Fifth Amendment.

7

Fifth, the state court records further establish the Petitioner Processor Affidavit of Return of Service is false so the Respondents was never served a copy of the state court summons and complaint on 29 January 2011, 2:10 P.M., as the state court has no jurisdiction over the Respondents so since the Petitioner refuses to reissue the summons and complaint to serve the summons and complaint upon the Respondents or comply with F.R.C.P. 4 prior to the Respondents filing this paper with the clerk's office. F.R.C.P. 41 (b) authorize the federal and state court to dismiss for insufficient service of process under F.R.C.P. 12 (b) for failure to comply with F.R.C.P. 4 so as further as the Respondents and appellate court is concerned. Article 3 of the United States and F.R.C.P. 41 (b) clearly establish the Respondents is entitled to judgment unit under Article 3 of the United States Constitution and F.R.C.P. 41 (b) and 12 on 10 March 2011, pursuant to the Rules of Evidence I A W the First Amendment and the Fourteen Amendment. See Fifth Amendment.

Sixth, as the court and jury is aware, judgment may be entered on counterclaim and crossclaim under F.R.C.P. 13 so to prevent the state court from imposing fines and jail terms upon the Petitioner, Parties and Processor under Title 28, Section 1746, Title 18, Section 1623 (c), Title 18, Section 1621 and Title 18, Section 401 for contempt and perjury. The state court records further establish the parties stipulated, consented and agreed for the state court to enter judgment unit in favor of the Respondents under MR 3-612 on 10 March 2016, and filed a copy of the Respondents deplorate District Court of Prince George's County Judgment unit under the above entitled actions docket log on 10 March 2011 and produce and place in the Respondents and parties possession for inspection as presently on 10 March 2011 together with proof of service thereof a filed type signed certified copy of the Respondents deplorate District Court of Prince George's County certificate and judgment unit so as further as the Respondents and appellate court is concerned. F.R.C.P. 13 authorize the court and jury to order the state court to enter judgment unit in favor of the Respondents in whole under MR 3-612 on 10 March 2011, and the Petitioner opposing points and authorities papers and evidence will summarily

8

affirm or disaffirm this transaction to the court or jury based on the evidence pursuant to the Rules of Evidence IAW the First Amendment and the Fourteen Amendment. See Fifth Amendment.

Seventh, Title 18, Section 1623(c), Title 18, Section 1621 and Title 18, Section 401 clearly establish contempt or perjury is consider as a felony offense before the court or jury because the jail time is over six (6) months and the District Court of Prince George's County has no jurisdiction over felony offense before the court in light of Section 1-703, 1-605, 1-604 and 1-603 of the Courts and Judicial Proceedings; MR 4-221 and 1-201 and Sixth Amendment and must transfer or remand the actions to the jury for consideration as bring in the United States Attorney or State Attorney in this matter and MR 4-221 only authorize the District Court of Prince George's County to hold preliminary hearing forthwith to determine the truth of matter or explain to the jury why the District Court Judge should not be indicted for criminal negligence so to prevent the jury from indicting the state court judge for criminal negligence. Any prudent individual would assure the District Court of Prince George's County staff will admit or confess to this court or jury that the information notice on the Respondents duplicate District Court of Prince George's County judgment unit is true or correct based on the laws, status, rules or document as case and the Petitioner opposing points and authorities paper or evidence will summarily affirm or disaffirm this transaction to the court or jury based on the evidence pursuant to the Rules of Evidence IAW the First Amendment and the Fourteen Amendment. See Fifth Amendment.

Eight, Celotex Corp. v. Catrett, 477 U.S. 317, 323 -24, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986) clearly establish the purpose of summary judgment is to isolate and then terminate, claims and defenses that are factually unsupported. Furthermore, the above entitled actions docket log establish the court or jury has no evidence establishing the District Court of Prince George's County or Parties notice on the Respondents duplicate clerk judgment

unit isn't guilty of contempt, perjury, nonfeasance, negligence, breach of agreement based on the evidence and a prima facie burden is discharged simply by pointing out to the court or jury that an absence of evidence in support of the non-moving party's claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) authorize the burden of proof to shifts to the Respondents to show by affidavit or otherwise that a genuine issue of material fact remains for the factfinder to resolve as Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) indicate material fact hinges on the substantive law at issue as a fact is material if it affect the outcome of the case as a confession or admission of a charge is sufficient to carry the matter to the jury for consideration as punishment as far as the Respondents as appellate court is concerned. This court or jury can't establish the Respondents fail to demonstrate there is a genuine issue material fact remains for the factfinder to resolve in light of the Rules of Evidence LAW the First Amendment as the Fourteen Amendment as Fifth Amendment.

     Ninthly, the above entitled statements establish the Respondents is entitled to judgment unit from both counts as a matter of law as far as the Respondents is concerned. This court or jury can not establish the Respondents isn't entitled to judgment before both courts pursuant to the Rules of Evidence pursuant to the Rules of Evidence LAW the First Amendment the Fourteen Amendment as Fifth Amendment.

     Next, the Respondents affidavit certify the Respondents papers complies with F.R.C.P. 56, 41 as 12 as LR 105 of this court as the matter is before the jury in lieu of the court is assuming for the moment the court takes the case away from the jury as injected the court own opinion in the case on its own motion. Shannon v. Graves, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing Fidelity

Deposit Co. v. U.S., 187 U.S. 315, 319-20, 23 S. Ct. 120, 121-122, 47   10
L.Ed. 194 (1902) and F.R.C.P. 56 authorize the actions to be
submitted to the jury for consideration inspite of the court
decision as as further as the Respondents as appellate court is
concerned.

The jury failed to establish the Petitioner opposing
points as authorities paper as evident establish the court as
jury can determine based on the preponderance of the evidence that a
genuine issue of material fact remains for the factfinder to resolved
as establish the Petitioner opposing points as authorities paper as evident
establish the court or jury can determine based on the preponderance of the
evidence that the Respondents isn't entitled judgment as a matter of
law before the federal as state court as establish the Petitioner
opposing points as authorities paper establish the court or jury
can determine based on the preponderance of the evidence that the District
Court of Prince George's County, Petitioner as parties complied with the
laws, statutes, rules as subpoena as establish the Petitioner opposing points
as authorities paper as evident establish the court or jury can determine
based on the preponderance of the evidence that the Petitioner Processor served a
copy of the state court summons as complaint upon the Respondents 29 January
2011, 2:10 P.M., 6402 Country Club Court, London, MD. 20785 as establish the
Petitioner opposing points as authorities paper establish the court or jury can
determine based on the preponderance of the evidence the Petitioner Processor
Affidavit of Return of Service isn't erroneous or frivolous as without
merit based on the laws, statutes, rules, evident as case as establish the Petitioner
opposing points as authorities paper establish the court or jury can determine
based on the preponderance of the evidence that the District Court of Prince
George's County, Petitioner as parties as noted on the Respondents duplicate clerk
subpoena aint isn't guilty of contempt, perjury, negligence, nonfeasance, fraud,
harassment as breach as establish the Petitioner opposing points as
authorities paper as evident establish the parties didn't stipulate,
consent as agree for the jury to grant the Respondents Motion, relief sought
as order dismissal, judgment as summary judgment decision in favor of

the Respondents included under F.R.C.P. 56, 41 and 12 on 9 March 2011, pursuant to the Rules of Evidence as the jury granted the Respondents Motion for Judgment, Alternatively, Motion to Dismiss, Motion for Summary Judgment. See Title 28, Section 1746; Title 28, Section 1607; Title 18, Section 1605; Title 28, Section 1331; Title 18, Section 1623(c); Title 18, Section 1621; LR 105 of this Court.

## Respondents Relief Sought

① The Petitioners actions is dismissed with prejudice under F.R.C.P. 41(b) and 12(b) for insufficient process, insufficient service of process as failure to state a claim upon which relief can be granted as the parties is compelled to comply with the Respondents duplicate District Court of Prince George's County judgment unit permanently as forthwith. See Article 3 of the United States Constitution; F.R.C.P. 56, 41 and 12; LR 105 of this court.

② The District Court of Prince George's County Administrative Judge is compelled to enter judgment unit in favor of the Respondents included under MR 3-612 on 10 March 2011, as file a copy of the Respondents duplicate District Court judgment unit with the clerk's office on 10 March 2011, as produce a copy in the Petitioner, Respondents, process officer as this court possession for inspection as permanently on 10 March 2011, together with proof of service thereof a filed typed signed certified copy of the Respondents duplicate District Court judgment unit as certificate as Article 3 of the United States Constitution; F.R.C.P. 56, 41 and 12; LR 105 of this court.

## Motion for Evidentiary Hearing

Dear District Court Jury,

Please be advised Title 28 Section 1446 authorize the Respondents notice of removal to be examined promptly as if clearly appear on the face the notice as attachments should not be granted. The court shall make an order for

12

summary remand or hold a evidentiary hearing forthwith. However, the records establish this paper is before the jury in leaving the court with Respondents. Affidavit certify to the jury the Respondents notice of removal should be granted as thereupon F.R.C.P. 39 (a) authorize the court to determine trial by jury doesn't exists under the constitution or statutes of the United States so that an enter an order for summary remand or Title 28, Section 1653 and F.R.C.P. 39 (a) doesn't authorize the court to enter an order for summary remand until further order from the Court of appeals inasmuch as LR 105 of this court or Title 28, Section 1447 authorize the Petitioner to filed a timely motion to Remand with the clerks office or this court has no jurisdiction to enter order of summary remand so as fuller as the Respondents or appellate court.

The jury failed to establish the Petitioner opposing points and authorities paper or evident establish the court or jury can determine based on the preponderance of the evidence that the court enter order of summary remand decision or establish the Petitioner opposing points and authorities or paper or evident establish the court or jury can determine based on the preponderance of the evidence that the parties didn't stipulate, consent and agree for the jury to grant the Respondents motion, relief sought or evidentiary hearing decision in favor of the Respondents or Title 28, Section 1446 on 9 March 2011, pursuant to the Rules of Evidence or the jury grant to the Respondents Motion for Evidentiary Hearing. See Title 28, Section 1746; Title 28, Section 1607; Title 28, Section 1605; Title 18, Section 1623 (c); Title 18, Section 1621; LR 105 of this court.

## Respondents relief sought

Respondents evidentiary hearing is scheduled for the date, time and location notice on the Respondents duplicate clerks subpoena writ. See, Article 3; Title 28, Section 1446; LR 105 of this court.

Requests for Trial by Jury                                        13

Dear District Court Jury,

Respondents requested trial by jury.

Requests for Findings and
Conclusion by the Jury

Dear District Court Jury,

Respondents requested the jury to find the facts specially and state its conclusions of law separately.

Requests for Scheduling
Case for Trial by Jury

Dear District Court Jury,

Respondents requests the jury to provide the Respondents a jury trial on the date, time and location noticed on the Respondents to the appropriate clerk subpoena unit.

Requests for Freedom of Information
Act, Alterations, Notice of Taking
Deposition, Interrogatories to
Parties, Requests

Dear District Court of Prince George's County, Petitioner, any Custodian of Records, Parties, Attorney and Clerk,

Respectfully requests the parties to allow the Respondents to inspect and copy the records noticed before the Respondents on 10 Jan 1976, 8:00A. My and correct the records noticed before the Respondents on 10 Jan 1976

14

expunge the records noted before the Respondents on 10 Jun 1976, and filed a copy of the Respondents lodging papers with the clerk's office on the receive date and settle this matter on 10 Jun 1976, and strike from the records noted before the Respondents on 10 Jun 1976, items notice before the Respondents and produce and place with Petitioner, Respondents, peace officer and this court jury possession for inspection and presently on 10 Jun 1976, together with proof of service and true of a filed type signed certified copy of the Respondents duplicate District court certificate, statement of envision, and judgment and of several filed type signed certified copy of the Respondents duplicate Parties confession, a filed type signed copy of the Respondents duplicate Petition and Parties certificate of compliance, waiver, consent, stipulation and settlement, several type signed certified copy of the Respondents duplicate District Court, Parties and Clerk docket log, several copy of the Respondents to duplicate District Court envelopes, a filed signed copy of the Respondents duplicate clerk subpoena duces tecum, a filed copy of this paper and items noted on the Respondents and the stipulation, settlement, subpoena and judgment and time.

__Proof of Service__

I certify that a copy of the foregoing motions and attachments was forwarded by first class postage prepaid mail service on this ___8TH___ day of March 2011 to:

Neal J. Markowitz, Esq.
7350 B - Grace, Dr.
Columbia, MD. 21044

__Affidavit in Support of__
__Declaration and Signature__

Pursuant to Title 28, Section 1746 I certify under the penalty of perjury that the foregoing information consisting of 15 pages is true and correct on this ___8TH___ day of March 2011 based on the laws, statutes, rules, and present and case.

15

Affiant sayeth no more.

Respectfully submitted,
Hey T. Sade
4645 Warner Ave., Apt #D3
Hyattville, MD. 20284
(301) 772-1616
8 March 2011